Ducker, Judge:
The claimants, Central Asphalt Paving Co., a West Virginia corporation, and Concrete Construction Company, a West Virginia corporation, both with offices in Charleston, West Virginia, were the successful bidders on State Road Commission Project No. U-317 (8), C-l, Kanawha County, West Virginia, sometimes known as the Southside Expressway Project, and according to a final estimate in March, 1966 they were fully paid except for the amount cl aimed in this proceeding.
The contention of the claimants here is that they were paid only $0.10 per cubic yard, the bid price, instead of $1.50. per cubic yard for “special rock fill” shown on the “Summary of Earthwork” estimated to be 20,425 cubic yards, the difference claimed being $1.40 per cubic yard for the actual amounts of yardage, namely, 16,987.9 yards, totaling $23,783.06. The claimants contend that they were misled or deceived by the State Road Commission by the latter’s specifications upon which claimants made their bid on the project, the specifications being the information relating to a core drill report on Cross Secton Sheet No. 121 and the said “Summary of Earthwork” contained on Sheet No. 9 of the plans and specifications for the project, and that they did not find and/or were not permitted to use the rock which was or could have been excavated within the project land, but were required to obtain the rock listed as special rock fill from an adjoining quarry about two miles away owned by the Nello L. Teer Company, and the *95 cost in doing so involved additional expense of the $1.40 per cubic yard now claimed by these contractors. Claimants also say that the rock obtained from the project land was as good for the purpose as that they obtained from the Teer Company’s quarry.
The respondent denies completely the claim of the claimants, saying.first that there was no deception in the plans and specifications, and, secondly, that the bids were made and the contract was let in accordance with the “State Road Commission of West Virginia Specifications — Roads and Bridges adopted 1960”, reference to which provisions was specifically set forth on the plans and specifications for this project. The provisions of those specifications are set’forth in Sections 2.125.2 and 2.125.4 as follows:
“If satisfactory rock is not found in the roadway excavation the Contractor shall secure suitable material from an approved source selected for this purpose.” “Special rock fill may be reduced or eliminated depending upon the amount of suitable rock obtained from the roadway excavation.”
There is evidence to the effect that there was some discussion of the situation at a meeting with the Road Commission officials and that the agent of the claimants expressed his opinion, without reply by the Commission, that there would be ample rock on the land in project to complete the special rock fill requirement of the specifications, but the minutes of the meeting of the Road Commission of January 15, 1962 contain no such reference or information, and there is no satisfactory proof of any agreement or understanding as to this. We consider what was said as too vague to be of real probative value.
Upon the question as to whether claimants have been deceived or misled by the plans and specifications, we fail to see how the claimants could have been misled by the log of the core hole, as that log is evidently correct and it is not alleged, nor does it show, that it necessarily represents the strata of the whole area. It could only represent the strata immediately around which the core was taken, and the claimnts had the same information as the Road Commission from which to estimate the amount of rock that could be obtained from the project area. Furthermore, the specifications only estimated the *96 number of cubic yards necessary for the fill, not how much rock could be recovered from the area. The contractors had to make their own independent estimate on that, and, of course, it is unfortunate that they based their bid on their own wrong premise. Nor are we unmindful of their claim that they were prohibited by the Road Commission from using the material they took or could have taken from the project area, but the evidence offered by claimants in that regard is not adequately convincing to justify this Court in finding the State Road Commission wrong in its decision of that question.
We are of the opinion that the claimants were fully aware, or should have been aware, of the specifications and their meaning. The words of the manual are in no sense ambiguous, and it was the clear duty of the claimants to secure suitable rock material for the fill whether the amount to be recovered from the project area was sufficient or not, as there was no provision, other than the log of the core, to the effect that rock material was available from the project area. The log of the core was only informative so far as it went. The contractors made no condition in their bid that demands the State Road Commission accept their interpretation of the plans or otherwise reduce the conditions or terms of the contract. When claimants discovered that they, or the Road Commission, were in error was the time for modification of the contract if desirable or necessary, and this court does not think it should do so now.
In view of our findings and reasons as hereinabove outlined, we are of the opinion to, and do disallow and make no award to the claimants herein.
Claim disallowed.